### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **BRADFORD WALKER,** | ) | **Case No.** |
| c/o David B. Malik | ) | |
| **Attorney at Law** | ) | |
| **8437 Mayfield Rd. Suite 101** | ) | |
| **Chesterland, OH  44026,** | ) | **JUDGE** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| **SUMMIT COUNTY, OHIO AND** | ) | |
| **SUMMIT COUNTY BOARD OF** | ) | |
| **COMMISSIONERS** | ) | |
| **175 South Main Street, Suite 700** | ) | **Jury Demand Endorsed Hereon** |
| **Akron, Ohio 44308** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SHERIFF STEVE BARRY** | ) | |
| **Summit County Jail** | ) | |
| **53 University Avenue** | ) | |
| **Akron, Ohio 44308** | ) | |
| | ) | |
| **Individually and in his Official** | ) | |
| **Capacity as Summit County Sheriff,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MAJOR DALE SOLTIS** | ) | |
| **Summit County Jail** | ) | |
| **53 University Avenue** | ) | |
| **Akron, Ohio 44308** | ) | |
| | ) | |
| **Individually and in his Official** | ) | |
| **Capacity as Summit County Sheriff's** | ) | |
| **Major,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DEPUTY JAMES WILSON** | ) | |
| **DEPUTY JOSHUA WOLF** | ) | |
| **Summit County Jail** | ) | |

53 University Avenue                              )
Akron, Ohio 44308                                )
                                                 )
Individually and in their official              )
capacities as Deputy Corrections                )
Officers for the Summit County Jail,            )
                                                 )
and                                              )
                                                 )
DETECTIVE LARRY BROWN                            )
KARLA HADLEY                                     )
LIEUTENANT JOHN PEAKE                            )
Summit County Jail                               )
53 University Avenue                             )
Akron, Ohio 44308                                )
                                                 )
Individually and in their  official             )
capacities as employees of the Summit           )
County Sheriff's Department,                     )
                                                 )
and                                              )
                                                 )
                                                 )
ADVANCED CORRECTIONAL                            )
HEALTHCARE, INC.                                 )
c/o Statutory Agent                              )
CT Corporation                                   )
1300 East 9th Street                        )
Cleveland, Ohio 44114                            )
                                                 )
and                                              )
                                                 )
DR. KURT ROECKER                                 )
Summit County Jail                               )
53 University Avenue                             )
Akron, Ohio 44308                                )
                                                 )
Individually and in his official capacity       )
as Summit County Jail Physician,                )
                                                 )
and                                              )
                                                 )
HEALTH SERVICE                                   )
ADMINISTRATOR                                    )
Summit County Jail                               )
53 University Avenue                             )

2

Akron, Ohio 44308                           )
                                            )
**Individually and in his official capacity**   )
**as Summit County Jail Health Services**       )
**Administrator,**                              )
                                            )
**and**                                         )
                                            )
**KELLY LAMP**                                  )
**Summit County Jail**                          )
**53 University Avenue**                         )
**Akron, Ohio 44308**                           )
                                            )
**Individually and in her official**            )
**capacity as Medical Assistant,**              )
                                            )
**and**                                         )
                                            )
**KIM CROYLE**                                  )
**SCOTT WEAKLAND**                              )
**KEVIN BURNSIDE**                              )
**A DORLER**                                    )
**T MCDANIELS**                                 )
**C CUCUZ**                                     )
**D HEIN**                                      )
**E MERRINER**                                  )
**Summit County Jail**                          )
**53 University Avenue**                         )
**Akron, Ohio 44308**                           )
                                            )
**Individually and in their official**          )
**capacities as Nurses in the Summit**          )
**County Jail,**                                )
                                            )
**and**                                         )
                                            )
**JOHN AND JANE DOES #1-5**                     )
**Summit County Jail**                          )
**53 University Avenue**                         )
**Akron, Ohio 44308**                           )
                                            )
**Individually and in their official**          )
**capacities as Corrections Staff in the**      )
**Summit County Jail**                          )
                                            )
**and**                                         )

3

JOHN AND JANE DOES #6-10                )
Summit County Jail                           )
53 University Avenue                        )
Akron, Ohio 44308                          )
                                                    )
Individually and in their official         )
capacities as Medical Staff in the     )
Summit County Jail                         )
                                                    )
and                                               )
                                                    )
JOHN AND JANE DOES #11-15            )
Summit County Jail                           )
53 University Avenue                        )
Akron, Ohio 44308                          )
                                                    )
Individually and in their official         )
capacities as Policy Makers.            )
                                                    )
                                                    )
                       Defendants.            )
                                                    )

## I. INTRODUCTION

1.    This civil rights case challenges Defendants Summit County Jail's, Sheriff Barry's,

Major Soltis's, Advanced Correctional Healthcare's, Dr. Roecker's, Health Services

Adminstrator's, Kelly Lamp, Kim Croyle, Scott Weakland, Kevin Burnside, A.

Dorler, T. McDaniel, C. Cucuz, D. Hein, and E. Merriner, and John and Jane Does

#11-15 Policy Maker's official policies regarding inmate opiate withdrawal. These

official policies and lacks thereof were the moving force behind the constitutional

violations experienced by Bradford Walker. There is also a custom, pattern, and

practice in the jail of inadequate training and supervision of the jail's medical and

corrections staff regarding inmates suffering from opiate withdrawal. Also, when an

inmate suffers from opiate withdrawal in the Summit County Jail and specifically an

4

inmate, such as Mr. Walker, suffers injuries, Defendants Summit County Jail, Sheriff Barry, Major Soltis, Advanced Correctional Healthcare, Dr. Roecker, Health Administrator, Detective Larry Brown, Karla Hadley, Lieutenant Peake, Kelly Lamp, Kim Croyle, Scott Weakland, Kevin Burnside, A. Dorler, T. McDaniel, C. Cucuz, D. Hein, and E. Merriner and John and Jane Does #11-15 Policy Makers ratify the unconstitutional acts of its medical and corrections staff.

2.      Furthermore, Defendants Advanced Correctional Healthcare, Dr. Roecker, Health Administrator, Kelly Lamp, Kim Croyle, Scott Weakland, Kevin Burnside, A. Dorler, T. McDaniel, C. Cucuz, D. Hein, and E. Merriner and John and Jane Does #6-10 in this case failed to provide constitutionally adequate medical care and medical care consistent with community standards of care to Bradford Walker.

3.      This case also challenges Defendants Summit County Jail's, Sheriff Barry's, Major Soltis's, Advanced Correctional Healthcare's, Dr. Roecker's, Health Services Adminstrator's, Kelly Lamp, Kim Croyle, Scott Weakland, Kevin Burnside, A. Dorler, T. McDaniel, C. Cucuz, D. Hein, and E. Merriner, and John and Jane Does #1-5, 6-10, and 11-15 Policy Maker's deliberate indifference to Mr. Walker's medical care and lack thereof, and the lack of proper observation. Defendants knew that Mr. Walker suffered from a serious life threatening medical condition while in the jail, and deliberately disregarded the life-threatening risks to him. In addition, the seriousness of Mr. Walker's condition and his need for immediate medical care was obvious even to a lay person. These Defendants' deliberate indifference to Mr. Walker's serious medical needs and their negligence in providing medical care to Mr. Walker proximately caused him to suffer from dangerous opiate withdrawal. Instead

of receiving medical attention and a heightened level of observation, Mr. Walker was let out of his cell unsupervised and unmonitored while in the throes of obvious and extreme opiate withdrawal. As a direct and proximate cause of the lack of care and observation, Mr. Walker, dazed and severely dehydrated, somehow, without supervision, reached the second level of the Summit County Jail and fell over the railing. As a result, Mr. Walker suffered severe and permanent brain damage. Mr. Walker will never be the same.

## II. JURISDICTION

4.     Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. Venue is proper in this Division.

## III. PARTIES

5.     Plaintiff Bradford Walker was a resident of Summit County, Ohio during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution.

6.     Defendant Summit County, Ohio is a unit of local government organized under the laws of the State of Ohio. The County is sued through the Summit County Ohio Board of Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12. Defendant Summit County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Summit County was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

7.     Defendant Sheriff Steve Barry is currently and was at all times relevant to this action

the duly elected Sheriff of Summit County, Ohio.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and in his official capacity.  He was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

8.     Defendant Major Dale Soltis is currently and was at all times relevant to this action the a Major for the Summit County Sheriff's Office.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and in his official capacity.  He was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

9.     Defendant Deputy James Wilson is a person who at all times relevant to this action served as an employee of the Summit County Sheriff's Department in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity. He was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

10.    Defendant Deputy Joshua Wolf is a person who at all times relevant to this action served as an employee of the Summit County Sheriff's Department in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity. He was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

11.     Defendant Detective Larry Brown is a person who at all times relevant to this action served as an employee of the Summit County Sheriff's Department in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity. He was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

12.     Defendant Karla Hadley is a person who at all times relevant to this action served as an employee of the Summit County Sheriff's Department in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued in his individual and official capacity. She was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

13.     Defendant Lieutenant Peake is a person who at all times relevant to this action served as an employee of the Summit County Sheriff's Department in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity. He was at all times relevant a county policy maker with respect to customs, practices, policies and procedures at the Summit County Jail.

14.     Advanced Correctional Healthcare, Inc. ("ACH") is a corporation and was at all times relevant to this action a nursing and medical services provider under contract with Summit County, providing medical services in the Summit County Jail in June 2016. ACH is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. ACH is a county policy maker and employed the nurses and

8

doctors responsible for providing medical care to inmates in the Summit County Jail.

15. Defendant Dr. Kurt Roecker is and was at all times relevant to this action the jail physician serving Summit County in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action, Dr. Roecker was an agent and/or employee of ACH and worked in the Summit County Jail. He is sued in his individual and official capacity.Dr. Roecker was at all times relevant a policy maker for the Summit County Jail and ACH.

16. Defendant Health Services Administrator is a supervisor responsible for nurses in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  At all times relevant to this action he was an agent and/or employee of ACH and worked in the Summit County Jail. He is sued in his individual and official capacity. Defendant Health Services Administrator was at all times relevant a policy maker for the Summit County Jail and ACH.

17. Defendant Kelly Lamp is a Medical Assistant in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action she was an agent and/or employee of ACH and worked in the Summit County Jail. She is sued in her individual and official capacity. She was at all times relevant a policy maker for the Summit County Jail and ACH.

18. Defendant Kim Croyle is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action she was an agent and/or employee of ACH and

worked in the Summit County Jail. She is sued in her individual and official capacity. She was at all times relevant a policy maker for the Summit County Jail and ACH.

19. Defendant Scott Weakland is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action he was an agent and/or employee of ACH and worked in the Summit County Jail. He is sued in his individual and official capacity. He was at all times relevant a policy maker for the Summit County Jail and ACH.

20. Defendant Kevin Burnside is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action he was an agent and/or employee of ACH and worked in the Summit County Jail. He is sued in his individual and official capacity. He was at all times relevant a policy maker for the Summit County Jail and ACH.

21. Defendant A. Dorler is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action he was an agent and/or employee of ACH and worked in the Summit County Jail. He is sued in her individual and official capacity. He was at all times relevant a policy maker for the Summit County Jail and ACH.

22. Defendant T. McDaniels is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action he was an agent and/or employee of ACH and worked in the Summit County Jail. He is sued in her individual and official

capacity. He was at all times relevant a policy maker for the Summit County Jail and ACH.

23. Defendant C. Cucuz is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action she was an agent and/or employee of ACH and worked in the Summit County Jail. She is sued in her individual and official capacity. She was at all times relevant a policy maker for the Summit County Jail and ACH.

24. Defendant D. Hein is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action she was an agent and/or employee of ACH and worked in the Summit County Jail. She is sued in her individual and official capacity. She was at all times relevant a policy maker for the Summit County Jail and ACH.

25. Defendant E. Merriner is a Nurse in the Summit County Jail. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant to this action she was an agent and/or employee of ACH and worked in the Summit County Jail. She is sued in her individual and official capacity. She was at all times relevant a policy maker for the Summit County Jail and ACH.

26. John and Jane Does #1-5, names and addresses unknown at this time, are Corrections staff/individuals and/or businesses that are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. They are sued in their individual and official capacities. They were at all times relevant policy makers for the Summit County Jail.

27. John and Jane Does #6-10, names and addresses unknown at this time, are Medical

staff/individuals and/or businesses that are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. They are sued in their individual and official capacities. They were at all times relevant a policy maker for ACH.

28.   John and Jane Doe Policy makers #11-15, names and addresses unknown at this time, are individuals and/or corporations that are responsible for establishing policies, procedures and customs that ensure the Summit County Jail operates in a manner that keeps inmates safe. They are responsible for training those employed in the jail to ensure the safety and wellbeing of the Summit County Jail's inmates. They are also responsible for investigating incidents where inmates are harmed to ensure that such incidents are prevented. They were at all times relevant policy makers for the Summit County Jail and ACH.

## IV. FACTS

**A. On June 21, 2016, Mr. Walker was booked into the Summit County Jail and his serious medical condition was known.**

29.   On June 21, 2016, Mr. Walker was booked into the Summit County Jail at approximately 7:18 p.m. for burglary and a probation violation for possessing heroin.

30.   On June 21, 2016, at approximately 9:18 pm., an Initial Health Screening was performed on Mr. Walker and he was found to be at risk for heroin and opiate withdrawal, both serious medical conditions.

31.   Specifically written in his Screening was, "HEROIN QD X 1 YR ALCOHOL QD 1 5TH OR 1-2 12 PKS."

32.   The "Attending Provider" listed on the Screening is Defendant Kelly Lamp, Medical Assistant, ACH.

33.  The Initial Health Screening was electronically approved by Defendant Kelly Lamp, Medical Assistant and Defendant Kim Croyle, RN.

34.  On June 21, 2016 at approximately 9:28 p.m., there was an Order for Detox Flow Sheet, entered by KCROYLE, Approved/Rejected by KROECKER, and the Requesting Provider was Defendant Dr. Kurt Roecker.

35.  On June 21, 2016, at approximately 9:30 p.m., there was a housing Order which stated, "Order: Housing – Medical-Detox-Lower Level." The Order was entered by KCROYLE, and the Requesting Provider was Defendant Dr. Kurt Roecker. The Instructions stated, "House Inmate in Detox-Lower Level."

36.  Defendant Lamp was subjectively and objectively aware of Mr. Walker's withdrawal from heroin and, as a Medical Assistant knew or should have known that detox is a serious medical problem with a substantial risk of life-threatening complications.

37.  Defendant Croyle was subjectively and objectively aware of Mr. Walker's withdrawal from heroin and, as a Nurse, knew that detox is a serious medical problem with a substantial risk of life-threatening complications.

38.  Defendant Dr. Roecker was subjectively and objectively aware of Mr. Walker's withdrawal from heroin and, as a physician, knew that detox is a serious medical problem with a substantial risk of life-threatening complications.

39.  Defendants Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner were the Nurses on duty in the Summit County jail responsible for monitoring Mr. Walker's detox. These Defendants were subjectively and objectively aware of Mr. Walker's withdrawal from heroin and, as Nurses, knew that detox is a serious medical problem with a substantial risk of life-threatening complications

40.     Despite this knowledge of Defendant Dr. Roecker of Mr. Walker's serious medical condition, Mr. Walker was not examined, no medications were ordered, he was not placed in the medical unit, he was not assessed for dehydration or other dangers related to opiate withdrawal, and there was no diagnosis.

**B. Bradford Walker experienced extreme and dangerous opiate withdrawal, Defendants Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, Merriner, Wilson, and Wolf had objective and subjective knowledge of this, and deliberately disregarded it.**

41.     On the evening of June 22, 2016 and the early morning of June 23, 2016, while housed in Unit 6 of the Jail, Mr. Walker developed obvious, foreseeable, progressive, and severe withdrawal from heroin.

42.     Defendants Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner knew that Mr. Walker was withdrawing from heroin.

43.     Defendants Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner were the Nurses responsible for monitoring Mr. Walker's detox from heroin.

44.     Despite knowledge of Mr. Walker's serious medical condition, Defendants Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner did nothing to assist Mr. Walker.

45.     Defendants Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner consciously disregarded the serious risk of harm to Mr. Walker that could result from his opiate withdrawal.

46.     Defendants Wilson and Wolf were working security in Unit 6 during this time.

47.     Defendants Wilson and Wolf knew that Mr. Walker was withdrawing from heroin.

48.     Despite knowledge of Mr. Walker's serious medical condition, Defendants Wilson

and Wolf did nothing to assist Mr. Walker.

49. Defendants Wilson and Wolf consciously disregarded the serious risk of harm to Mr. Walker that could result from his opiate withdrawal.

50. All of the inmates in Unit 6 knew Mr. Walker was detoxing and realized how sick Mr. Walker was because of his loud and continuous vomiting and dry heaving.

51. Inmate Darnell Ghoram witnessed Mr. Walker continuously vomiting.

52. Inmate Gerald Lewis witnessed Mr. Walker coughing, spitting, and vomiting into a trash can he had moved to near his bed because he was no longer able to go back and forth to the bathroom. Lewis then called out to Defendants Wilson and Wolf to help Mr. Walker because he was in such bad shape. Mr. Walker was vomiting so badly that it woke Lewis up out of his sleep.

53. Inmate Raamses Stevens witnessed Mr. Walker vomiting for over an hour. Stevens also witnessed Mr. Walker go to Defendants Wilson and Wolf and tell them he needed help. Stevens describes Mr. Walker's palor as extremely white. Stevens witnessed Mr. Walker throwing up into a trash can by his cell and again told Defendants Wilson and Wolf that he needed help. Again, Defendants Wilson and Wolf ignored Mr. Walker while he was pleading for help.

54. Sometime after Mr. Walker's last plea for help from Defendants Wilson and Wolf, he was seen wandering outside of his cell looking like a zombie according to Inmate Warren Brooks.

55. Instead of calling for medical assistance for Mr. Walker's serious medical condition, Defendants Wilson and Wolf thought it was a better idea to allow Mr. Walker out of his cell completely unsupervised to shower.

56.     Suffering from severe and dangerous opiate withdrawal, dazed, confused, and dehydrated, Mr. Walker's well-being and safety was completely disregarded by Defendants Wilson and Wolf when he was allowed to roam around the Jail unsupervised.

57.     Defendants Wilson and Wolf completely disregarded Mr. Walker's well-being and safety when they failed to properly observe him and prevent him from going onto tier 2 of the Jail and as a result, Mr. Walker fell over the railing.

58.     Defendant Wilson's own statement states, "Inmate Bradford S. Walker CN#152150 fell over the rail on the Unit 6 second tier *while in a state of detox*."

## C. Mr. Walker fell over the railing of the second level of the Jail and suffered severe and permanent injuries.

59.     Mr. Walker hit the cement floor with a smack and immediately began convulsing with an abrasion on the right side of his head, labored breathing, and bright red blood coming from his nose.

60.     Inmates Ghoram and Lewis then witnessed a troubling and dangerous thing – Defendants Wilson and Wolf dragged Mr. Walker over to the wall and leaned him up against the wall.

61.     There were two separate pools of blood now, one from where Mr. Walker landed and one to where they dragged him.

62.     Ghoram heard either Defendant Wilson or Wolf ignorantly say, "This is what happens when you're on drugs."

63.     Mr. Walker was taken to Akron General by ambulance.

64.     Mr. Walker's condition was so severe that he was left with no alternative but to undergo craniotomy surgery. Mr Walker sustained a subdural and subarachnoid

16

hemorrhaging due to head trauma. A drain was put in and intracranial pressure had to be monitored.

65.     Mr. Walker has permanent brain damage and will never be the same ever again.

**D. Policies, Practices and Culpable Conduct.**

66.     Opiate withdrawal and the related symptoms is a serious medical need.

67.     In June 2016, each of the Defendants knew that opiate withdrawal is a serious medical need.

68.     Summit County Jail records and Inmate Statements exist that clearly establish that it was obvious that Mr. Walker was suffering from a serious medical condition while in the Jail on June 21-23, 2016.

69.     On June 21-23, 2016, medical, nursing, and correctional Defendants failed to take adequate measures to treat Mr. Walker's serious medical condition. Defendants knew Mr. Walker was suffering a serious medical condition. His serious medical condition was obvious even to a layperson.

70.     Each of the medical Defendant's actions fell below the applicable standard of care in the community and the conduct of each was deliberately indifferent to a serious medical need.

71.     The severity of Mr. Walker's condition was so obvious that untrained inmates recognized Mr. Walker's need for urgent medical care on June 22-23, 2016.

72.     Medical Defendants' failure to treat and care for Mr. Walker's serious medical needs fell below the applicable community standard of care and was deliberately indifferent to Mr. Walker's serious medical needs. Without treatment, Mr. Walker's condition foreseeably deteriorated further.

73.    The medical, nursing, and correctional Defendants' deliberate indifference to Mr. Walker's serious medical needs is evident from the fact that when left untreated and unsupervised, Mr. Walker went up to Tier 2 and fell over the railing.

74.    Defendants Advanced Correctional Healthcare, Inc., Dr. Roecker, Health Services Administrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #6-10 failed to properly examine, diagnose and treat Mr. Walker's serious medical needs. These Defendants failed to provide Mr. Walker constitutionally adequate medical care and the conduct of these Defendants fell below the applicable standard of care in the community. Each of these Defendants' medical care was deliberately indifferent, willful, wanton and reckless to Mr. Walker's serious medical needs.

75.    Furthermore, despite obvious and severe signs and symptoms of severe opiate withdrawal, Mr. Walker was never seen by a physician during the entire period he was in Jail despite the seriousness of his condition.

76.    Defendant Dr. Roecker was the physician responsible for providing medical assessment and diagnosis to all inmates in the Summit County Jail, and was responsible for the medical care of Mr. Walker. Dr. Roecker failed to properly diagnose or treat Mr. Walker's serious medical needs which resulted in his severe and permanent brain injuries.  Dr. Roecker violated the applicable standard of care in the community. Defendant Dr. Roecker was deliberately indifferent to Mr. Walker's serious medical needs.

77.    Defendants Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner failed to properly monitor and treat Mr. Walker's serious medical needs

which resulted in his severe and permanent brain injuries.  These Defendants violated the applicable standard of care in the community. These nursing Defendants were deliberately indifferent to Mr. Walker's serious medical needs.

78.  Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15 Policy Makers are responsible for training all of the staff at the Summit County Jail with respect to providing medical care to inmates in the Jail.

79.  Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15Policy Makers failed to have adequate policies, procedures, customs, usages, and protocols regarding the provision of medical and mental health care, identification, referral, and treatment for inmates experiencing symptoms of opiate withdrawal. Those inadequate policies procedures, customs, usages, and protocols were the moving force behind the severe and permanent injuries suffered by Mr. Walker.

80.  Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Administrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15 Policy Makers were deliberately indifferent to the serious medical needs of Mr. Walker by failing to train and supervise staff to

19

implement adequate jail policies, procedures, customs, usages, and protocols that would properly address the obvious and known health and safety risks experienced by inmates with symptoms of severe opiate withdrawal.

81. Mr. Walker's serious physical and mental conditions were not properly monitored. This failure was caused by the policies, procedures, customs, usages, and protocols at the Summit County Jail.

82. All Defendants acted negligently, maliciously, recklessly, willfully, wantonly, knowingly, intentionally, and with deliberate indifference to the serious medical needs of Mr. Walker.

83. Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15 Policy Makers all had final authority on policies for inmates in the Summit County Jail and it was those policies that were the moving force behind the injury suffered by Mr. Walker.

84. The conduct of all Defendants shocks the conscience, violates the standards of decency in an evolving society, and betrays the trust the public place in jail staff to provide proper medical care for those in jail custody.

85. Defendants Wilson and Wolf were each deliberately indifferent to Mr. Walker's serious medical conditions. Each witnessed Mr. Walker suffering from the severe symptoms of opiate withdrawal and each failed to provide the adequate emergency medical care Mr. Walker's condition required. As a result of these failures Mr. Walker has severe and permanent brain damage and will never be the same again.

The failure by each shocks the conscience and was negligent, willful, wanton, and reckless. As a direct and proximate result, Mr. Walker suffered severe and permanent brain damage.

86.  Defendants' conduct constitutes a pattern and practice and such conduct is a moving force behind the constitutional violations.

87.  Policy Maker Defendants' knowledge of the need and the failure to train and supervise staff to ensure that they are equipped to deal with inmates detoxing from heroin amounted to deliberate indifference.

88.  Policy Maker Defendants ratified the conduct by failing to investigate it.

89.  As a direct and proximate result of Defendants' actions, Mr. Walker suffered severe and permanent brain damage.

90.  As a further direct and proximate result of Mr. Walker's permanent brain damage, his family and loved ones have suffered permanent damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education.

91.  As a further direct and proximate result of Mr. Walker's brain injury, he has suffered permanent damages, including but not limited to, severe and permanent brain damage, depression, loss of income, loss of future earnings, and severe emotional distress. He has incurred medical bills and treatment and will incur additional medical bills and treatment in the future.

E.  **Despite a detailed report written by Dr. George Sterbenz, the Chief Deputy Medical Examiner in 2011, the policy for treating inmates suffering from opiate withdrawal has not changed**.

92.     On October 12, 2011, James Robert Watts, III died in the Summit County Jail.

93.     On October 13, 2011, Medical Examiner Dr. George Sterbenz performed the autopsy on Mr. Watts. (Exhibit 3, Medical Examiner, County of Summit, Report of Autopsy)

94.     The Cause of Death was "Ruptured viscus with peritonitis due to complication of peptic ulcer disease." (See U.S. District Court, Northern District of Ohio, Eastern Division Case Number 5:13-CV-549.)

95.     The Manner of Death was "UNDETERMIND: Failure to provide urgent medical intervention during incarceration."

96.     The manner of death was Undetermined "because the possibility of Homicide due to medical neglect cannot be excluded to within a reasonable degree of certainty." (Exhibit 4, Medical Examiner County of Summit, Supplemental Report.)

97.     Like Mr. Watts, Mr. Walker suffered from opiate dependence and was at risk for opiate withdrawal when he entered into the Summit County Jail.

98.     Like Mr. Watts, Mr. Walker informed jail staff of past medical history including opiate abuse.

99.     Like Mr. Watts, Mr. Walker was dependent upon jail staff for his medical care.

100.    Like Mr. Watts, Mr. Walker demonstrated obvious and severe symptoms, which would have presented a readily evident need for urgent medical intervention to even non-medically trained individuals.

101.    Like with Mr. Watts, other inmates clearly recognized that Mr. Walker was in need of medical intervention.

102.    Like Mr. Watts, had timely medical intervention been provided to Mr. Walker, this tragic outcome could have been averted.

103.   Despite the detailed reports of Medical Examiner Dr. Sterbenz detailing the possible homicide by medical neglect on the part of the Summit County Jail staff, no further investigation was done to investigate Mr. Watts's death.

104.   Like Mr. Watts's case, despite there being accounts and reports of misconduct, no further investigation was done to investigate Mr. Walker's injuries.

105.   After Mr. Watts's case, there was no evidence that the negligent and grossly reckless practices were corrected and the policy regarding inmates suffering from opiate withdrawal has not been changed and was in effect in June 2016 when Mr. Walker suffered his severe and permanent injuries as a result of opiate withdrawal.

## V. FIRST CAUSE OF ACTION – 42 U.S.C. §1983

106.   Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

107.   Defendants have, under color of state law, deprived Bradford Walker of rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution, including, but not limited to the right to be free from cruel and unusual punishment and the right to receive adequate medical care as a jail inmate.

108.   Defendants were each deliberately indifferent to Mr. Walker's serious medical condition. Each knew and/or witnessed Mr. Walker experience and suffer from severe, serious and dangerous physical and emotional symptoms of opiate withdrawal. As a result of Defendants' conduct, Mr. Walker has permanent brain damage.

109.   Each Defendant knew that inmates who, like Mr. Walker, suffer from opiate withdrawal, and who continue to deteriorate physically and emotionally, have serious

23

medical needs that require adequate and emergency medical care.

110. Despite knowledge, the Defendants failed to provide Mr. Walker the adequate and emergency medical care his condition required. Each Defendant was deliberately indifferent with respect to observation and monitoring. This failure by each shocks the conscience, was deliberately indifferent and was negligent, willful, wanton, and reckless.

111. Defendants Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner failed to properly monitor and treat Mr. Walker's serious medical needs and were deliberately indifferent to Mr. Walker's serious medical needs.

112. Defendants Wilson and Wolf were deliberately indifferent to the serious medical needs of Mr. Walker when, instead of contacting medical to assist Mr. Walker's serious medical needs, they allowed him to wander around the jail in a daze. Mr. Walker, unsupervised, then wandered up onto Tier 2 and fell over the railing.

113. Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15 Policy Makers failed to establish and/ or apply adequate policies, procedures, customs, usages, and protocols regarding the intake, diagnosis, treatment, and management of persons with serious and/or emergency medical conditions, including but not limited to alcohol withdrawal, gastrointestinal bleeding, and shock. This failure was unconstitutional and/or inadequate and unreasonable and was the moving force behind the constitutional deprivations suffered by Mr. Walker. There was a pattern and practice of this conduct by these

Defendants.

114. Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15 Policy Makers failed to adequately train and supervise the county, jail, and medical staff in the intake, assessment, and diagnosis as well as in the continuity of care and in the adequate correctional and medical care of inmates, like Mr. Walker, who arrive at the jail with serious medical conditions including opiate withdrawal. There existed a pattern and practice of this type of conduct.

115. Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15 Policy Makers were on notice of the obvious need to train and supervise jail staff in the area of day to day jail operations and policies and procedures relating to medical assessment and follow up care of inmates at risk with serious medical conditions like opiate withdrawal, these Defendants failed to adequately train and supervise jail staff in that regard and, in so doing, were deliberately indifferent to inmates with theses serious medical conditions. These failures to train were the moving force behind Mr. Walker's permanent brain injury.

116. Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John

and Jane Does #1-5, 6-10, and 11-15 Policy Makers, Detective Larry Brown, Karla Hadley, and Lieutenant Peake, are further liable for ratifying all Defendants' deliberate indifference and conduct towards Mr. Walker's constitutional right to adequate medical care while he was an inmate in the Summit County Jail in June 2016.

117. Defendants Summit County, Sheriff Steve Barry, Major Soltis, Advanced Correctional Healthcare, Inc, Dr. Roecker, Health Services Admininstrator, Lamp, Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, and Merriner and John and Jane Does #1-5, 6-10, and 11-15 Policy Makers, Detective Larry Brown, Karla Hadley, and Lieutenant Peake, are liable under a theory of ratification because they each are final policymakers who approved an investigation into Mr. Walker's injuries that was so inadequate as to constitute ratification of the unconstitutional conduct that caused Mr. Walker's injuries. Each of these Defendants approved an investigation that failed to meaningfully investigate and punish the unconstitutional care that caused Mr. Walker's injuries.

## VI. SECOND CAUSE OF ACTION – NEGLIGENCE DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.

118. Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

119. Defendant Advanced Correctional Healthcare, Inc. and its employees and its agents owed a duty of reasonable medical care to Bradford Walker within the standard of care.

120. Defendant Advanced Correctional Healthcare, Inc. and its employees and its agents have a duty to provide qualified personnel to perform medical and nursing services in

the Summit County Jail and a duty to use reasonable care in determining the qualifications of its contractors, agents and employees who provide medical and nursing services.

121. Defendant Advanced Correctional Healthcare, Inc. and its employees and its agents have a duty to establish appropriate medical policies and procedures concerning the medical and nursing treatment of inmates in the Summit County Jail and a duty to adequately manage their jail agents, contractors, employees, as well as implement and enforce appropriate protocols, policies and procedures.

122. Defendant Advanced Correctional Healthcare, Inc. and its employees and its agents, contractors, employees and agents were negligent and breached their duty of care to Mr. Walker by failing to provide appropriate medical and nursing protocols, policies and procedures under the circumstances and by failing to supervise its agents and employees.

123. Defendant Advanced Correctional Healthcare, Inc. and its employees and its agents failed to promulgate adequate medical protocols, policies and procedures concerning the treatment and safety of inmates with severe opiate withdrawal.

124. As a direct and proximate result of the negligent, willful, malicious, wanton and reckless conduct and acts of Defendant Advanced Correctional Healthcare, Inc. and its employees and its agents, Mr. Walker suffered severe and permanent brain injury, pain, suffering, and emotional and psychological trauma.

125. Defendant Advanced Correctional Healthcare, Inc. and its employees and its agents, acted in a negligent, reckless, intentional, malicious, wanton, willful, and deliberately indifferent manner and breached their duty to provide medical care to Mr. Walker

during his incarceration, proximately causing injury to Mr. Walker all in violation of Ohio law.

## VII. THIRD CAUSE OF ACTION – NEGLIGENCE/MALPRACTICE BY PHYSICIAN

126.  Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

127.  Defendant Dr. Roecker owed a duty of reasonable care to Mr. Walker.

128.  Defendant Dr. Roecker failed to use reasonable care in diagnosing and treating the symptoms of opiate withdrawal experienced by Bradford Walker. Defendant Dr. Roecker breached the duty of care to Mr. Walker. (Exhibit 1, Mendel Affidavit of Merit Pursuant to Ohio Rule 10(D)(2).)

129.  As jail physician, Defendant Dr. Roecker failed to ensure that adequate policies were in place at the Summit County Jail to appropriately identify, diagnose, and treat inmates at the jail who were experiencing symptoms of severe opiate withdrawal.

130.  Defendant Dr. Roecker failed to train and supervise jail staff to provide services consistent with the standard of care.

131.  The conduct of Defendant Dr. Roecker deviated from standard medical practice, all in violation of Ohio law. The conduct was the proximate cause of Mr. Walker's injury.

## VIII. THIRD CAUSE OF ACTION – NEGLIGENCE/MALPRACTICE BY NURSES

132.  Plaintiff realleges and restates each of the above paragraphs as if fully rewritten herein.

133.  Defendant Health Services Administrator Defendants Croyle, Weakland, Burnside, Dorler, McDaniels, Cucuz, Hein, Merriner, and/or John and Jane Does #6-10 Medical Staff breached their duty to provide to Mr. Walker reasonable medical and nursing

care consistent with standard medical practices in violation of Ohio law. (Exhibit 2, Clark Affidavit of Merit Pursuant to Ohio Rule 10(D)(2).)

134. The negligence by Defendant Nurses includes, but is not limited to: failing to meet the applicable standard of care; failing to provide Mr. Walker with a safe environment; failing to protect Mr. Walker; failing to properly monitor Mr. Walker; failing to provide all necessary and required information to Defendant Dr. Roecker so that he could render Mr. Walker the necessary medical care he required; and failing to correctly and fully document Mr. Walker's medical care.

135. The conduct of the Defendant Nurses was negligent, malicious, willful, wanton and reckless.

136. The conduct of the Defendant Nurses proximately caused Mr. Walker's injury.

## IX. JURY DEMAND

137. Plaintiff hereby demands a trial by jury of all issues triable by jury.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff punitive damages (except against the County) in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs and disbursements;

D. Award Plaintiff pre and post judgment interest;

E. Grant Plaintiff such additional relief as the Court deems just and proper.

/s/ David B. Malik

David B. Malik (0023763)
Sara Gedeon (0085759)
8437 Mayfield Road, Suite #101
Chesterland, Ohio 44026
440-729-8260
440-490-1177
Dbm50@sbcglobal.net
sgedeon1021@gmail.com

/s/ John J. Spellacy
JOHN J. SPELLACY (0065700)
1540 Leader Building
526 Superior Ave.
Cleveland, Ohio 44114
Ph. (216) 241-0520
Fax: (216) 241-6961
jspellacy@spellacylaw.com
Attorney for Plaintiffs